PEOPLE v BLACKMON

Docket No. 78-3940. Submitted October 17, 1979, at Detroit.—Decided
February 20, 1980. Leave to appeal applied for.

Defendant, Aaron T. Blackmon, was convicted, in a bench trial in
the Recorder's Court of Detroit, Henry Heading, J., of assault
with intent to do great bodily harm less than murder and
felony-firearm. On the day of his trial, defendant signed a
written waiver of trial by jury, which was acknowledged before
a deputy clerk. Defendant's attorney acknowledged the waiver
in open court prior to the trial. Defendant appeals. *Held:*

There was no evidence to indicate that the waiver of a jury
trial was made or executed in open court, as required by
statute.

Reversed and remanded.

CRIMINAL LAW — RIGHT TO JURY TRIAL — WAIVER — WRITTEN
WAIVERS — OPEN COURT — ARRAIGNMENT — CONSULTATION
WITH COUNSEL — STATUTES.

A criminal defendant has the right to waive a determination of
facts by a jury and be tried before the court without a jury, and
such waiver and election by a defendant shall be in writing,
signed by the defendant and filed in such cause and made a
part of the record thereof; such waiver of trial by jury must be
made in open court after defendant has been arraigned and has
had an opportunity to consult with counsel; where the waiver
was executed and filed on the same day as the trial and
acknowledged before a deputy clerk and the record is bereft of
other evidence that the waiver was executed in open court, the
open court requirement has not been met (MCL 763.3; MSA
28.856).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

REFERENCES FOR POINTS IN HEADNOTE
[1] 47 Am Jur 2d, Jury §§ 81-83.
Sufficiency of waiver of full jury. 93 ALR2d 410.

cipal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and M. J. KELLY and D. S. DeWITT,* JJ.

D. S. DeWITT, J. On July 19, 1978, defendant, Aaron Tyrone Blackmon, was found guilty, in a bench trial, of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and possession of a firearm in the commission of a felony (felony-firearm), MCL 750.227(b); MSA 28.424(2). Defendant was sentenced on August 3, 1978, to a term of imprisonment for five to ten years on the assault conviction, to be served consecutively with a two-year mandatory term of imprisonment on the felony-firearm conviction. Defendant appeals as of right and raises the issue of whether his waiver of trial by jury was valid and binding.

Michigan law specifies the circumstances under which a defendant may effectively waive his right to a jury trial. MCL 763.3; MSA 28.856. The waiver must be in a writing, signed by the defendant, and must be made a part of the record of defendant's case. In addition, defendant's waiver "must be made in open court after the said defendant has been arraigned and has had opportunity to consult with counsel". MCL 763.3; MSA 28.856.

An examination of the lower court file indicates that the defendant executed a written "Waiver of Trial By Jury" form on the same date on which defendant's trial commenced, July 18, 1978. The transcript of the trial proceedings further discloses

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that the following exchange ensued between the court and defendant's counsel, Ira H. Harris:

"THE COURT: Have you filed a written waiver?

"MR. HARRIS: Yes, your Honor.

"THE COURT: That firearm count is on this case?

"MR. HARRIS: Yes, your Honor.

"THE COURT: All right, because I don't know anything about this case and that's the way it should be.

"MR. HARRIS: Very well.

"THE COURT: But I'm always concerned about that firearm count. This case has been pretrialed and everything, you tried to work out anything?

"MR. HARRIS: People offered no reduced plea.

"THE COURT: All right. Are you ready to proceed?

"MR. PEARL: Yes, your Honor.

"THE COURT: You make your opening statement."

The question before this Court is whether the statutory requirement of a waiver "made in open court" is met by evidence on the record that a written waiver was executed by the defendant on the date of trial and was referred to by defense counsel as filed in response to the court's inquiry in that regard. We hodl that the above facts do not constitute sufficient compliance with the statutory direction.

In *People v McKaig*, 89 Mich App 746; 282 NW2d 209 (1979), two members of a panel of this Court recently stated the rule that a valid waiver does not require an oral acknowledgment where it is apparent that the waiver was made in open court. *Id*, 750. We agree with the *McKaig* rule as a general proposition but disagree with that Court's conclusion that it is applicable to cases where the record shows merely that a written waiver was executed on the date of defendant's trial. Here, as in *McKaig*, defendant was represented by an attor-

ney and made no claim that "he did not sign the waiver in open court". Id. We are unsatisfied, however, that these facts rise to the level of an acknowledgment in open court of a waiver of the fundamental right to jury trial. Acknowledgement before a deputy clerk of the court, which is the customary procedure utilized in executing a written jury trial waiver,[1] is not the equivalent of acknowledgement before a judge for purposes of complying with the statute's "open court" requirement.

While other trial records lacking an oral acknowledgement may nevertheless contain sufficient additional evidence that a waiver was executed in open court, those facts are not presently before this Court. In the interest of insuring that waivers are properly executed and acknowledged, however, we reiterate the advice offered in *McKaig:*

"We encourage trial judges to supplement the written waiver with an oral acknowledgement by the defendant. This practice eliminates any doubt as to whether or not the waiver was made in open court." *McKaig, supra,* 750-751.

Defendant's other contention of error merits no discussion.

Reversed and remanded for a new trial.

---

[1] The waiver in this case was on a printed form containing a printed provision for acknowledgment before a deputy clerk.