PEOPLE v CORBIN

Docket No. 53295. Submitted June 2, 1981, at Detroit.—Decided September 8, 1981. Leave to appeal denied, 412 Mich 876.

Antonio C. Corbin was convicted of receiving or concealing stolen property, Detroit Recorder's Court, Calvin C. Rock, J. He appeals, alleging that his waiver of a trial by jury was ineffective and that the court erred in failing to credit his sentence for time spent in custody prior to his conviction. *Held:*

1. The record fails to establish sufficiently that the defendant's waiver was made in open court as required by statute, requiring reversal and a remand for a new trial.

2. The trial court erred in failing to credit the defendant's sentence with time spent in custody prior to his conviction.

Reversed and remanded.

1. Criminal Law — Jury Trial — Waiver — Statutes.

A waiver of the right to trial by jury must be made in writing, signed by the defendant, made in open court, and made part of the record; however, oral acknowledgment of the waiver is not necessary where it is apparent that the waiver took place in open court (MCL 763.3; MSA 28.856).

2. New Trial — Criminal Law — Jury Trial — Waiver — Statutes.

Strict compliance with the statutory procedural prescriptions for waiver of the right to trial by jury is required for the waiver to be effective, and where the record does not establish sufficiently that a waiver was made in open court, a subsequent conviction must be reversed on appeal and the cause remanded for a new trial (MCL 763.3; MSA 28.856).

*Frank J. Kelley,* Attorney General, *Robert A.*

References for Points in Headnotes

[1, 2] 21A Am Jur 2d, Criminal Law §§ 677, 678.

76 Am Jur 2d, Trial § 1238.

Sufficiency of waiver of full jury. 93 ALR2d 410.

Right of accused to insist, over objection of prosecution or court, upon trial by court without jury. 51 ALR2d 1346.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. Defendant was convicted, at a bench trial, of receiving or concealing stolen property over the value of $100. MCL 750.535; MSA 28.803. He was sentenced to a prison term of from two to five years and appeals by right.

Defendant first argues that his waiver of a jury trial was ineffective. We agree. The statute requires that the waiver be in writing, signed by the defendant, and made a part of the record. MCL 763.3; MSA 28.856. The statute also states that the waiver "must be made in open court". *Id.* The "open court" provision of the statute at one time was held to require oral acknowledgment of the written waiver on the record in open court. *People v Word,* 67 Mich App 663; 242 NW2d 471 (1976), *People v Rimmer,* 59 Mich App 645; 230 NW2d 170 (1975). More recently, however, this Court has held that an oral acknowledgment is not necessary if it is otherwise apparent that the waiver took place in open court. *People v McKaig,* 89 Mich App 746, 750; 282 NW2d 209 (1979). See *People v Carl Johnson,* 99 Mich App 547; 297 NW2d 713 (1980).

In the instant case the record includes a form entitled "Waiver of Trial By Jury". It is signed by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the defendant and dated April 1, 1980, the day defendant's trial began. Above the defendant's signature the preprinted form states in part: "I, having had opportunity to consult with counsel, do hereby *in open court* voluntarily waive and relinquish my right to a trial by jury * * *". (Emphasis added.) The form is also signed by a deputy clerk, but not by a judge. Except for the clerk's statement "this is a waiver", the transcript makes no reference whatsoever to defendant's waiver of a jury trial.

The instant case is factually similar to both *McKaig, supra,* and to *People v Blackmon,* 95 Mich App 462; 291 NW2d 82 (1980). In each case, the defendants signed a written waiver on the day their trials commenced. In *McKaig* the transcript apparently made no reference to the waiver, while in *Blackmon* defense counsel stated that a written waiver had been filed. In *McKaig* this Court found the "open court" requirement satisfied since the written waiver was dated on the first day of trial, the defendant was represented by counsel, and the defendant did not claim that he had not signed the waiver in open court. In *Blackmon* the Court agreed with *McKaig* that oral acknowledgment is not necessary where it is otherwise apparent that the waiver indeed was made in open court but refused to find the evidence sufficient to sustain a finding that the waiver in that case (or in *McKaig)* was made in "open court".

To the extent that *McKaig* and *Blackmon* are in conflict, we elect to follow *Blackmon* and hold that, in the instant case, the record fails to establish sufficiently that the waiver was made in open court. It is important to remember that the waiver statute, including the "open court" requirement, requires strict compliance. *People v Edwards,* 51

Mich App 403; 214 NW2d 909 (1974). Although the preprinted form signed by the defendant indicates a waiver "in open court", this does not compel the conclusion that the waiver actually took place "in open court". It may be that defendant signed the form before court opened and that the language on the form refers to a formal presentation of that document once court was actually in session. In any event, we find it difficult to conclude that the waiver was made "in open court" when the transcript of the proceedings taking place "in open court" contains no discussion of the matter. Accordingly, defendant's conviction must be reversed and this cause remanded for a new trial. We are constrained to say once again that problems of this sort easily are eliminated by having the defendant orally acknowledge the waiver on the record.

Defendant also argues that the trial court erred in failing to grant 33 days credit on his sentence for time apparently spent in a juvenile detention facility. The prosecution concedes the issue. Accordingly, if defendant is tried again and convicted, defendant should receive credit for an additional 33 days.

Reversed and remanded.