PEOPLE v MOSS

Docket No. 51991. Submitted June 12, 1981, at Lansing.—Decided
    January 22, 1982.

Jerald Moss was convicted of four counts of armed robbery in the
    Wayne Circuit Court, Harold M. Ryan, J. He appealed, alleging
    that he was denied effective assistance of counsel because his
    attorney failed to move to suppress his prior record and that he
    then was deterred from testifying in his own behalf. *Held:*

The issue which defendant raises depends upon an analysis
    of facts not of record, something which the Court of Appeals
    should not do.

Affirmed without prejudice to establish an evidentiary record.

CRIMINAL LAW — ATTORNEY AND CLIENT — RECORD — NEW TRIAL.

A convicted person who attacks the adequacy of the representa-
    tion he received at his trial must prove his claim and to the
    extent his claim depends on facts not of record, it is incumbent
    on him to make a testimonial record at the trial court level in
    connection with a motion for a new trial which evidentially
    supports his claim and which excludes hypotheses consistent
    with the view that his trial lawyer represented him adequately.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Roman S. Karwowski,* for defendant on appeal.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

21A Am Jur 2d, Criminal Law §§ 984, 986.

Modern status of rules and standards in state courts as to adequacy
    of defense counsel's representation of criminal client. 2 ALR4th
    27.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was convicted by a jury of four counts of armed robbery, contrary to MCL 750.529; MSA 28.797. He was sentenced to 4 concurrent prison terms of from 20 to 30 years and appeals as of right.

Defendant claims that he was denied effective assistance of counsel because his trial attorney failed to move for suppression of his prior criminal record. He argues that had such a motion been made, evidence of some or all of the prior convictions would have been suppressed and further asserts that it was his desire to testify in his own behalf but he chose not to do so after being informed by his attorney that the prosecutor could impeach him with his prior record.

Defendant sets forth his prior criminal record as follows: (1) burglary, 1960; (2) escape, 1963; (3) felonious assault, 1967; (4) carrying a concealed weapon, 1969; (5) unlawful driving away of an automobile, 1969; and (6) armed robbery, 1973. Defendant's decision not to take the stand was indicated on the record by the following colloquy:

"*Mr. Wolney:* Thank you, your Honor. Your Honor, for the record I should indicate that in the past Mr. Moss and I have had a conversation regarding whether he would testify in this case or not and essentially we decided that we would wait until this point to make a final determination. I have had an opportunity to review his record and I have discussed his record him *[sic]* and I have advised him what I believe the applicable law would show regarding which particular events they could bring out and because of his particular situation in this case and his status, we've discussed those things in that light and it is Mr. Moss's determination based on our conversations that at this point he not take the stand. Is that correct?

"*The Defendant:* Yeah.

"*The Court:* Very well. You may indicate your pleasure when the jury is here in whether you rest or not."

In *People v Ginther,* 390 Mich 436, 442-443; 212 NW2d 922 (1973), which also involved a claim of ineffective assistance of counsel, the Supreme Court held that appellate courts ordinarily should not consider issues which depend on analysis of facts not of record. We find this rule to be applicable in the present case. For example, defendant argues that evidence of five of the six prior convictions would have been excluded under MRE 609(b) because they were more than ten years old in April of 1980, when his trial took place. However, the ten-year time limit begins running from the later of the date of the conviction or the date of the release of the witness from the confinement imposed for that conviction. The record does not indicate that ten years had elapsed since the date defendant was released from confinement for the 1967 and 1969 convictions. Defendant contends that the 1973 armed robbery conviction would have been excluded because he was being tried for the same offense. *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), held that the similarity of a prior conviction to the offense charged increases its prejudicial effect and is a factor to be weighed against its use for impeachment. Nevertheless, the trial court still has the discretion to allow impeachment with evidence of an identical prior conviction if it determines that the probative value of the conviction outweighs the prejudicial effect. See *People v Jones,* 98 Mich App 421, 428-429; 296 NW2d 268 (1980). Other important facts not of record include an indication that defendant's attorney failed to give proper advice regarding the possible admission of his prior record for impeachment. Certainly counsel's statement on the record, quoted above, does not indicate that improper advice was given. Furthermore, the statement suggests the possibility that considerations other than

the possibility of impeachment through evidence of prior convictions played a part in defendant's decision not to testify. Other unknown factors include the content of defendant's testimony had he taken the stand and whether such testimony would have increased his chances for acquittal. See *People v Krist,* 93 Mich App 425; 287 NW2d 251 (1979).

Because defendant's claim of ineffective assistance of counsel depends on facts not of record, we must affirm his conviction without prejudice to his seeking an evidentiary hearing at the trial court level for the purpose of establishing facts in support of his claim.

Affirmed.