PEOPLE v ROWE

Docket No. 50632. Submitted November 9, 1981, at Detroit.—Decided
April 21, 1982. Leave to appeal applied for.

Robert D. Rowe was convicted of two counts of assault with
intent to commit murder and one count of possession of a
firearm during the commission of a felony following a bench
trial in Monroe Circuit Court, William J. Weipert, Jr., J.
Defendant appeals by leave granted, contending that his waiver
of trial by jury was ineffective because it failed to meet the
statutory requirements for a jury waiver. *Held:*

In order to establish that there has been strict compliance
with the waiver statute, the record must affirmatively show
that the defendant executed a written waiver of trial by jury in
open court. The record in this case does not affirmatively show
that defendant executed a written waiver of trial by jury in
open court.

Reversed and remanded for a new trial.

D. F. WALSH, J., dissented. He would hold that the require-
ment that the waiver be made in writing, signed by the
defendant, filed in the case and made a part of the record in
open court was met by the defendant's being present in open
court when the judge asked if the jury had been duly waived in
writing and by the fact that defendant neither raised any
objection nor made any comment when defense counsel ac-
knowledged that defendant had signed the written waiver
earlier that day and that the waiver had been filed with the
court clerk. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — JURY TRIAL — WAIVER.

A trial court record must affirmatively show that a defendant has
executed a written waiver of trial by jury in open court in
order to establish that there has been strict compliance with
the waiver statute; oral acknowledgment by the defendant, his
counsel, or the trial court that a written waiver was executed

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21A Am Jur 2d, Criminal Law §§ 677, 678, 894-900.

in open court establishes compliance with the "open court" clause of the statute (MCL 763.3; MSA 28.856).

DISSENT BY D. F. WALSH, J.

2. CRIMINAL LAW — JURY TRIAL — WAIVER.

*The requirement that a waiver of jury trial must be made in writing and signed by the defendant in open court was met where the defendant signed a written waiver, which was made a part of the record, and was present in open court later when the judge asked if the jury had been duly waived in writing and defendant neither raised any objection nor made any comment when defense counsel acknowledged that the defendant had signed the written waiver earlier that day and that the waiver had been made part of the trial record (MCL 763.3; MSA 28.856).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *William D. Bond,* Assistant Prosecuting Attorney, for the people.

*Sheldon Halpern (Eileen R. Scheff,* of counsel), for defendant on appeal.

Before: R. M. MAHER, P.J., and D. F. WALSH and D. C. RILEY, JJ.

R. M. MAHER, P.J. After a bench trial, defendant was convicted of two counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He appeals by leave granted on October 15, 1980.

At a pretrial conference on November 18, 1977, defendant's counsel requested a jury trial, which was scheduled for May 2, 1978. A hearing was held on April 21, 1978, on a motion by the prosecution to strike witnesses. At the conclusion of the hearing the following discussion between the trial

judge and defense counsel Charles Golden took place:

"*Mr. Golden:* I think, perhaps, I should advise the court we had a meeting earlier this week, the defendants and Mr. Fried [counsel for codefendant Gerald E. Oliver] and myself; and we determined at that meeting the defendants are going to waive jury. The matters are presently scheduled for jury trial on Tuesday, May 2nd; and if the defendants would on that day sign written waivers of jury, they have not done that yet, unless they should be produced ahead of time, and if they should be we will produce them.

"*The Court:* Well, we would have to be certain, you know, that there will be such a waiver; because we wouldn't have the jury in here relying on that.

"*Mr. Golden:* Yes, sir, they can come in ahead of time, if that is the way to do it.

"*The Court:* I think probably it is, unless you want to take the responsibility, you know; because I would not grant an adjournment if they did not do it.

"*Mr. Golden:* I understand that, judge. Perhaps we could—I think we have to sign written waivers of the jury in open court.

"*The Court:* Bring them in any day, then.

"*Mr. Golden:* We will bring them in earlier in the week, then, judge.

"*The Court:* Fine."

On the day set for trial, defendant executed a waiver of trial by jury. A short time later, the bench trial began with the following exchange:

"*The Court:* Has jury been duly waived in writing?

"*Mr. Fried:* It has been, your Honor.

"*Mr. Golden:* The defendants have both signed written waivers, which have been submitted to the clerk, if the court please.

"*The Court:* They have been in the file. You may proceed where openings are desired."

On May 4, 1978, the court found defendant guilty as charged on all three counts.

On appeal, defendant contends that his waiver of trial by jury was ineffective for failure to meet the requirements of MCL 763.3; MSA 28.856, which then provided:[1]

"Sec. 3. In all criminal cases arising in the courts of this state whether cognizable by justices of the peace or otherwise, the defendant shall have the right to waive a determination of the facts by a jury and may, if he so elect, be tried before the court without a jury. Except in cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof. It shall be entitled in the court and cause and in substance as follows: 'I, _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which said cause may be pending. I fully understand that under the laws of this state I have a constitutional right to a trial by jury.'

_____

                    Signature of defendant

"Such waiver of trial by jury must be made in open court after the said defendant has been arraigned and has had opportunity to consult with counsel."

Many panels of this Court have addressed the construction of this statute, with widely varying results. The controversy has centered around the requirement that the waiver be made "in open court". Some panels of this Court have construed this language to require oral acknowledgment of

_____

[1] MCL 763.3; MSA 28.856 has been amended effective January 22, 1981.

the written waiver on the record in open court.[2] Other panels of this Court have held that even where it is apparent that no written waiver has been executed by the defendant in open court, compliance with the statute requires only acknowledgment by defense counsel or the trial judge that a waiver has been signed.[3]

A third group of cases has reflected an intermediate approach. According to *People v Blackmon,* 95 Mich App 462; 291 NW2d 82 (1980), and *People v Corbin,* 109 Mich App 120; 310 NW2d 917 (1981), although the waiver statute does not require an oral acknowledgment by the defendant in open court, the record must affirmatively show that the defendant executed a written waiver of trial by jury in open court.

We believe that *Blackmon* and *Corbin* represent the most enlightened approach to construction of the waiver statute, which requires "strict compliance". *People v Edwards,* 51 Mich App 403; 214 NW2d 909 (1974). In order to establish that there has been strict compliance with the waiver statute, the record must affirmatively show that the defendant has executed a written waiver of trial by jury in open court. Oral acknowledgment—by the defendant,[4] his counsel or the trial court—[5]that a written waiver was executed in open court establishes compliance with the "open court" clause of MCL 763.3; MSA 28.856.

[2] See, *e.g., People v Word,* 67 Mich App 663; 242 NW2d 471 (1976), *People v Rimmer,* 59 Mich App 645; 230 NW2d 170 (1975).

[3] See, *e.g., People v Braxton,* 91 Mich App 689; 283 NW2d 829 (1979), *People v Carl Johnson,* 99 Mich App 547; 297 NW2d 713 (1980).

[4] "We are constrained to say once again that problems of this sort easily are eliminated by having the defendant orally acknowledge the waiver on the record." *Corbin, supra,* 123.

[5] For example, it will be sufficient if the trial court or defense counsel makes the following statement: "Let the record show that the defendant has just executed a written waiver of trial by jury in open court."

Turning to the case at bar, the record does not affirmatively show that defendant executed a written waiver of trial by jury in open court. Accordingly, we reverse his conviction and remand for a new trial.

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

D. C. RILEY, J., concurred.

D. F. WALSH, J. *(dissenting)*. I must dissent. The statute which provides for waiver of jury trial requires that the waiver be in writing, signed by the defendant, filed in the case and made a part of the record. It must be made in open court after the defendant has been arraigned and has had an opportunity to consult with counsel. MCL 763.3; MSA 28.856.

In this case the defendant signed a written waiver on the day set for trial. The waiver was filed in the case and made a part of the record. There is no question that the defendant had been arraigned and had had an opportunity to consult with counsel. The defendant was present in open court when the judge asked if the jury had been duly waived in writing and neither raised any objection nor made any comment when defense counsel acknowledged that defendant had signed the written waiver which had been filed with the clerk. In my judgment, this acknowledgment by defense counsel, made in the presence of the defendant, of a signed written waiver satisfied the requirement that the waiver be made in open court. See *People v Carl Johnson,* 99 Mich App 547; 297 NW2d 713 (1980).

I would affirm the defendant's conviction.