PEOPLE v BRIGHT

Docket No. 65244. Submitted March 23, 1983, at Detroit.—Decided June 21, 1983.

Calvin Bright was convicted of two counts of first-degree criminal sexual conduct, one count of armed robbery and one count of felony-firearm following a bench trial in Detroit Recorder's Court, Leonard Townsend, J. Defendant appeals. *Held:*

1. Defendant effectively waived his right to a trial by jury.

2. Defendant's argument that an insufficient foundation was laid to bring a witness's testimony within one of the exceptions to the rule against hearsay was not preserved for appellate review absent a manifest injustice. No manifest injustice was presented in this case.

3. Defendant's argument that the constitutional prohibition against double jeopardy prevented his conviction of both first-degree criminal sexual conduct and possession of a firearm during the commission of a felony is without merit.

4. Defendant's contention that he was ineffectively assisted by counsel at trial cannot be considered since defendant neither moved in the trial court for an evidentiary hearing on the issue nor moved in the Court of Appeals for a remand for an evidentiary hearing. Defendant's suggestion that the case be remanded for such a hearing was dilatory. Following the decision on appeal, jurisdiction will reattach in the trial court for all purposes not inconsistent with the opinion, including the seeking of an evidentiary hearing in the trial court on the issue of ineffective assistance of counsel.

Affirmed.

R. M. MAHER, P.J., concurred in the result only.

CRIMINAL LAW — RIGHT TO JURY TRIAL — WAIVER — WRITTEN WAIVER — ORAL WAIVER.

The statute covering waiver of trial by jury does not require that a written waiver be executed in open court; the statute is complied with where a defendant executes a written waiver

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law § 898.

and orally waives a jury trial in open court (MCL 763.3; MSA 28.856).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: R. M. MAHER, P.J., and MacKENZIE and M. B. BREIGHNER,* JJ.

MacKENZIE, J. After a nonjury trial, defendant was convicted of two counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), a count of armed robbery, MCL 750.529; MSA 28.797, and a count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to imprisonment for two concurrent terms of 8 to 20 years for first-degree criminal sexual conduct, a concurrent term of 10 to 20 years for armed robbery, and a consecutive term of 2 years for possession of a firearm during the commission of a felony. Defendant appeals by right.

I

Defendant first argues that his waiver of a jury trial was ineffective. Such a waiver must be made in writing and in open court. MCL 763.3; MSA 28.856. Here, the record contains a written waiver form signed by defendant which was dated the day trial began and which stated that it had been

---

* Circuit judge, sitting on the Court of Appeals by assignment.

executed in open court. Moreover, the transcript shows that counsel informed the trial court that defendant wanted to waive a jury trial and that, after questioning by the court, defendant orally acknowledged that he waived a jury trial.

Panels of this Court have taken several distinct positions as to what constitutes a sufficient showing that defendant's waiver took place in open court, but, regardless of the result in the particular case, this Court's opinions have repeatedly stated that all doubts could be resolved by an oral acknowledgment by defendant on the record of his waiver of a jury trial. *People v Word,* 67 Mich App 663, 665-666; 242 NW2d 471 (1976); *People v McKaig,* 89 Mich App 746, 750-751; 282 NW2d 209 (1979); *People v Blackmon,* 95 Mich App 462, 465; 291 NW2d 82 (1980); *People v Carl Johnson,* 99 Mich App 547, 553; 297 NW2d 713 (1980). Defendant, however, points to *People v Rowe,* 115 Mich App 334, 338; 320 NW2d 367 (1982), in which the Court stated:

"In order to establish that there has been strict compliance with the waiver statute, the record must affirmatively show that the defendant has executed a written waiver of trial by jury in open court. Oral acknowledgment—by the defendant, his counsel or the trial court—that a written waiver was executed in open court establishes compliance with the 'open court' clause of MCL 763.3; MSA 28.856." (Footnotes omitted.)

Defendant's argument is that his waiver was ineffective because what he acknowledged in open court was the waiver rather than the execution of the written waiver in open court. We do not believe that such a result is required by MCL 763.3; MSA 28.856. The statute requires a written waiver and a waiver in open court for an effective

waiver of trial by jury, but the statute does not expressly require that the written waiver be the waiver in open court. The statute is complied with where, as here, defendant executes a written waiver and orally waives a jury trial in open court. We cannot see how a contrary interpretation of the statute is necessary to satisfy any of the purposes of the statute. To the extent that the result we reach here is inconsistent with *Rowe,* we decline to follow that opinion.

## II

The other arguments raised by defendant require little analysis. Defendant points to the testimony of a doctor who examined the victims of the crime and claims that, as an insufficient foundation was laid to bring the doctor's testimony within one of the exceptions to the rule against hearsay, the doctor's testimony was inadmissible. Defendant made no objection to this testimony at trial and, under such circumstances, this Court will not reverse absent manifest injustice. See *People v Therrien,* 97 Mich App 633; 296 NW2d 8 (1979). Because, even assuming the foundation laid at trial was inadequate, the record indicates that it would have been relatively simple to establish a foundation for admission of the testimony at issue pursuant to MRE 803, subds (4), (5), or (6) if defendant had made a timely objection, no manifest injustice is presented.

Defendant's argument that the constitutional prohibition of double jeopardy prevented his conviction of both first-degree criminal sexual conduct and possession of a firearm during the commission of a felony is without merit. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Defendant also argues that he was ineffectively assisted by counsel at trial. We cannot consider the *ex parte* affidavit attached to defendant's brief on appeal. See *People v Taylor,* 383 Mich 338, 362; 175 NW2d 715 (1970). Because the record before us does not support defendant's claims or exclude hypotheses consistent with effective assistance of counsel, defendant should have moved in the trial court for an evidentiary hearing pursuant to *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973), or moved in this Court for a remand for such a hearing pursuant to GCR 1963, 817.6. Now, when defendant's appeal is before this panel for resolution on the merits, defendant suggests that we should remand the case for such a hearing and retain jurisdiction. Under the circumstances, this suggestion is dilatory. After our decision in this appeal, jurisdiction will reattach in the trial court for all purposes not inconsistent with this opinion. *People v Kennedy,* 384 Mich 339, 343; 183 NW2d 297 (1971). We therefore decline to remand the case for a *Ginther* hearing, without prejudice to defendant seeking such a hearing in the trial court. *People v Moss,* 113 Mich App 626, 629; 318 NW2d 501 (1982).

Affirmed.

R. M. MAHER, P.J., concurs in the result only.