PEOPLE v PASLEY

Docket No. 74189. Decided August 20, 1984. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and reinstated the defendant's conviction.

Tyrone Pasley was convicted in the Wayne Circuit Court, William J. Giovan, J., of attempted breaking and entering an unoccupied dwelling with the intent to commit larceny. The Court of Appeals, Wahls, P.J., and R. M. Maher and Simon, JJ., reversed in a memorandum opinion on the ground that the record did not show that the defendant's written waiver of his right to a trial by jury was executed in open court (Docket No. 70363). The people apply for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

Except in cases of minor offenses, a defendant who wishes to waive the right to a trial by jury must sign the jury trial waiver form prescribed by statute and the form must be filed as part of the record of the case. The statute further requires that the waiver be "made in open court". To assure compliance with this statute, the trial record must show that the trial court made a finding of fact on the basis of information conveyed in open court by the defendant or in his presence that he personally, voluntarily and understandingly gave up the right to trial by jury, that he personally signed the waiver form, that the form was filed in the case, and that all of the stated actions occurred after the defendant was arraigned on the information and had an opportunity to consult with counsel. It is not necessary that the waiver form be executed in open court.

In this case, the defendant's waiver followed this procedure. The procedure is to be followed in all instances of a waiver of a trial by jury which occurs more than 30 days after August 20, 1984. In the interim, review is to be conducted to ascertain whether the waiver form was executed by the defendant and whether the waiver was personally, voluntarily, and understandingly made in open court.

Reversed.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar* for the defendant.

PER CURIAM. We are asked in this case to determine what is meant by the statutory requirement that a written waiver of the right to jury trial be "made in open court". The Court of Appeals held that in order for a written waiver to be valid the record must affirmatively show that the waiver was executed in open court. We disagree.

## I

Following a bench trial in the Wayne Circuit Court, the defendant was convicted of attempted breaking and entering an unoccupied dwelling with the intent to commit larceny.[1] He was subsequently sentenced to two years probation. The defendant appealed to the Court of Appeals. In an unpublished memorandum opinion issued on May 11, 1984, the Court of Appeals reversed the defendant's conviction and remanded for further proceedings. The prosecutor has filed an application for leave to appeal and a motion for peremptory reversal.

## II

On appeal to the Court of Appeals, the defendant argued that his conviction should be reversed because the trial court had not secured a proper waiver of his right to a jury trial. MCL 763.3; MSA

---

[1] MCL 750.110; MSA 28.305, MCL 750.92; MSA 28.287.

28.856 sets forth the procedure to be followed in this regard:

"(1) In all criminal cases arising in the courts of this state, the defendant shall have the right to waive a determination of the facts by a jury and may, if he or she elects, be tried before the court without a jury. Except in cases of minor offenses, the waiver and election by a defendant shall be in writing signed by the defendant and filed in the case and made a part of the record. The waiver and election shall be entitled in the court and case, and in substance as follows: 'I, _____, defendant in the above case, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which the case may be pending. I fully understand that under the laws of this state I have a constitutional right to a trial by jury.'

"_____
"Signature of Defendant

"(2) Except in cases of minor offenses, the waiver of trial by jury shall be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel."

The Court of Appeals agreed with the defendant, holding:

"The right to a trial by jury may only be waived in writing and in open court. Here, defendant executed a written waiver and orally acknowledged in open court his execution of the waiver. We hold, however, that defendant's waiver was ineffective because the record fails to show that the written waiver was executed in open court. *People v Rowe,* 115 Mich App 334, 338; 320 NW2d 367 (1982). We recognize that other panels of this Court have reached a contrary conclusion on similar facts, see, for example, *People v Carl Johnson,* 99 Mich App 547; 297 NW2d 713 (1980), but we follow *Rowe* because we believe that decision is more consistent with the express language of the statute. We note that this is not a case in which defendant executed a

written waiver and orally waived the right to trial by jury in open court; compare *People v Bright,* 126 Mich App 606; 337 NW2d 596 (1983)."

On the same day as the Court of Appeals issued its opinion in the instant case, it also issued an order pursuant to Administrative Order 1984-2[2] indicating that its decision in the instant case was, in its judgment, in conflict with its prior decision in *People v Carl Johnson,* 99 Mich App 547; 297 NW2d 713 (1980). The prosecutor thereafter filed an application for leave to appeal and a motion for peremptory reversal contending that the Court of Appeals had erred.

### III

In the instant case, the following colloquy took place in open court between the trial court, defense counsel, and the defendant with regard to the defendant's waiver of his right to jury trial:

"*Mr. Rubach [defense counsel]:* Your Honor, for the

---

[2] Administrative Order 1984-2 provides:

"Effective March 1, 1984, and until further order of the Court, the following procedure shall be employed in the case of the issuance of an opinion by a panel of the Court of Appeals which, in the judgment of the majority of that panel, conflicts with a prior decision of the Court of Appeals:

"When a panel of the Court of Appeals has issued an opinion which a majority of the panel has concluded is in conflict with a prior decision of the Court of Appeals, that panel shall by order certify that its opinion is in conflict with the cited prior decision. A copy of the order of certification shall be mailed to each of the parties in the case and to the clerk of this Court. The parties may, within 20 days after the date of mailing of the order of certification, file either an application for leave to appeal, if appropriate, or briefs addressing the question of whether a conflict with the cited prior decision in fact exists. The Supreme Court will, within 30 days after the expiration of the time for filing by the parties, take whatever action it deems appropriate in the case, including, but not limited to, granting leave to appeal on its own motion, peremptory disposition, or, in a specific case, authorizing the Court of Appeals to sit *en banc* to resolve the conflict." 418 Mich xxvi.

record, my name is Stanford Rubach, and this is my client, Mr. Tyrone Pasley. And I've explained to him his rights to a trial by jury, or a trial before the court without a jury. And after discussing it with my client, we've chosen to go ahead with the trial before the court without a jury.

"*The Court:* Is that right, Mr. Pasley?

"*The Defendant:* Yes, sir.

"*The Court:* And do I understand that you signed this written waiver of a jury trial?

"*The Defendant:* Yes, I did.

"*The Court:* All right. That's fine then. You can have a seat."

The facts in this case are quite similar to those in *People v Rowe,* 115 Mich App 334; 320 NW2d 367 (1982), *lv den* 417 Mich 936 (1983). In that case, while defense counsel indicated on the record that his client had signed a written waiver and had submitted it to the clerk, the record did not reveal that the defendant had actually executed the written waiver in open court. The Court of Appeals panel in *Rowe* reversed the defendant's conviction because the record did not affirmatively show that he had executed a written waiver of trial by jury in open court. In the majority opinion in *Rowe,* the Court gave an accurate summary of the divergent views of this matter taken by various Court of Appeals panels:

"Many panels of this Court have addressed the construction of this statute, with widely varying results. The controversy has centered around the requirement that the waiver be made 'in open court'. Some panels of this Court have construed this language to require oral acknowledgment of the written waiver on the record in open court. Other panels of this Court have held that even where it is apparent that no written waiver has

been executed by the defendant in open court, compliance with the statute requires only acknowledgment by defense counsel or the trial judge that a waiver has been signed.

"A third group of cases has reflected an intermediate approach. According to *People v Blackmon,* 95 Mich App 462; 291 NW2d 82 (1980), and *People v Corbin,* 109 Mich App 120; 310 NW2d 917 (1981), although the waiver statute does not require an oral acknowledgment by the defendant in open court, the record must affirmatively show that the defendant executed a written waiver of trial by jury in open court." 115 Mich App 337-338.

In this case, as in *Rowe,* the record does not affirmatively indicate that the defendant signed the written waiver of jury trial in open court.

We disagree that MCL 763.3; MSA 28.856 requires that a defendant who wishes to waive his rights to a jury trial must actually execute the waiver form in open court. Rather, it is required in every case in which a defendant wishes to waive the right to trial by jury, except in cases of minor offenses, that the defendant sign the written form of jury trial waiver prescribed by statute, and cause the form to be filed in the case as part of the court record. In addition, it is required by § 3(2) of the statute that the waiver of trial by jury shall be "made" in open court and only after the defendant has been arraigned and has had the opportunity to consult with counsel.

Therefore, in order to assure compliance with the statute, we will require that the record of a trial show that the trial court has made a finding of fact on the record based upon information conveyed to the judge in open court by the defendant, or in his presence, that the defendant has personally, voluntarily, and understandingly given up his right to trial by jury; that the defendant has

personally signed the waiver of trial by jury form prescribed by the statute; that the waiver of trial by jury form has been filed in the case; and that all of the foregoing occurred after the defendant was arraigned on the information and had an opportunity to consult with counsel.

Although the statute requires that a written waiver be signed by the defendant, it does not require that it be *executed* in open court. It does, by fair implication, require that the defendant either orally acknowledge in open court that he is voluntarily and understandingly giving up his right to trial by jury, consistent with the previously signed written jury waiver form or, at a minimum, that he personally, voluntarily, and understandingly sign, in open court, the written waiver form prescribed by statute.

The essence of our holding is that the trial judge must, however, find on the record, from evidence sufficient to warrant such finding, that the defendant, in open court, voluntarily and understandingly gave up his right to trial by jury. The statute does not require more and will not permit less.

We are convinced that the record in the present case evidences that the defendant personally, voluntarily and understandingly waived his right to trial by jury. For that reason, we reverse the judgment of the Court of Appeals and reinstate the defendant's conviction.

Because our ruling today constitutes our first construction of this statute in this regard, we will require that the procedure announced in this decision be followed in all instances of a waiver of trial by jury which take place more than 30 days after the release of this opinion. In those cases in which a waiver is or has been made in the interim, review will be conducted to ascertain whether the

waiver form was indeed executed by the defendant and whether the waiver was personally, voluntarily and understandingly made in open court.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals, and we reinstate the defendant's conviction. The motion for peremptory reversal is denied as moot.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.