99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamare JACKSON, Petitioner-Appellant,
v.
Sherry BURT, Warden, Respondent-Appellee.
 No. 95-1270.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1996.
 
 Before: SILER and COLE, Circuit Judges; BELL, District Judge.*
 PER CURIAM.
 
 
 1
 On this appeal, we are reviewing whether the district court erred by denying Lamare Jackson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, we AFFIRM the judgment of the district court.
 
 I.
 
 2
 Lamare Jackson was convicted of two counts of armed robbery following a bench trial in a Michigan trial court. He was sentenced to a term of twenty-five to fifty years imprisonment for each robbery conviction and was given a life sentence as a fourth-time habitual offender. Jackson appealed his convictions to the Michigan Court of Appeals and argued that he was entitled to a new trial on the basis that his counsel was ineffective in assisting him during his jury waiver proceeding and during his habitual offender trial. He also contended that his waiver of his right to a jury trial in the robbery and habitual offender proceedings was invalid under Michigan law.[1]
 
 
 3
 Specifically, Jackson argued that he was denied his state and federal constitutional right to effective assistance of counsel at his jury waiver proceeding due to a conflict of interest. Because he and his co-defendant would later present inconsistent testimony and defenses at trial, Jackson argued that his attorney at the waiver proceeding had a conflict of interest in jointly representing him and his co-defendant at that hearing. Thus, he asserted that this conflict rendered his attorney's assistance ineffective and entitled him to a new trial.
 
 
 4
 Furthermore, Jackson argued that his jury waiver was invalid because the trial court had failed to make certain findings required under Michigan law when it accepted his waiver. Although Jackson cited United States Supreme Court precedent for the proposition that the right to a trial by jury is a fundamental right, his arguments to the Michigan Court of Appeals for the remand of his case relied exclusively on Michigan Supreme Court precedent and court rules. He argued that the trial court's failure to comply with the applicable Michigan law entitled him to a new trial.
 
 
 5
 The Michigan Court of Appeals affirmed Jackson's convictions for armed robbery. The court rejected Jackson's claim of ineffective assistance of counsel because he had not established that his attorney's joint representation created any actual conflict of interest. Also, the court noted that Jackson had consented to the substitution of counsel on his behalf and that the pretrial proceeding had merely resulted in a plea of not guilty and a waiver of jury trial. Based on the lack of an actual conflict of interest, Jackson's consent to the substitution of counsel, and Jackson's representation at the pretrial proceeding by counsel, the Michigan Court of Appeals held that Jackson received effective assistance of counsel at the pretrial waiver proceeding.
 
 
 6
 Continuing, the court then held that Jackson's waiver of his right to a jury trial was valid. Citing Michigan Supreme Court precedent, the court held that the exchange between Jackson and the trial judge indicated that Jackson knew he had a right to trial by jury and that he voluntarily waived that right. However, the court then concluded that Jackson's waiver of jury trial on the supplemental habitual offender charge was invalid. Thus, it reversed the habitual offender conviction and remanded for a new trial on that charge. People v. Jackson, No. 122288 (Mich.Ct.App. May 15, 1992). On remand, the habitual offender charge was dismissed by the trial judge. Thereafter, the Michigan Supreme Court denied Jackson's motion for leave to appeal the remaining convictions. People v. Jackson, No. 94278 (Mich., Dec. 2, 1992).
 
 
 7
 On February 10, 1993, Jackson petitioned for a writ of habeas corpus from the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 2254. Jackson argued to the district court that he was entitled to a writ of habeas corpus on the same grounds he set forth in his appeal to the Michigan Court of Appeals. Once again, he cited the United States and Michigan constitutions for the source of his right to the effective assistance of counsel at trial, and argued that his attorney's joint representation of him and his co-defendant constituted an actual conflict of interest at the jury waiver proceeding. He also argued that his waiver of his right to trial by jury was invalid because the trial judge had failed to comply with Michigan law in obtaining his waiver. Although he cited federal case law to demonstrate the importance of the right to jury trial, his argument for obtaining a writ of habeas corpus from the district court still focused on Michigan law.
 
 
 8
 The matter was referred to a United States magistrate judge who recommended that Jackson be granted a writ of habeas corpus. The magistrate judge first concluded that although Jackson's jury waiver arguments focused primarily on issues of state law, Jackson had "fairly presented" the federal nature of those claims to the Michigan state courts and had, therefore, exhausted his state remedies. The magistrate judge next considered the substance of Jackson's jury waiver arguments and concluded that his jury trial waiver had not been knowingly and intelligently made. Thus, the magistrate judge recommended that Jackson be granted a writ of habeas corpus on that basis and declined to address Jackson's claim of ineffective assistance of counsel.
 
 
 9
 The district court declined to adopt the magistrate judge's recommendations. Initially, the court held that Jackson had failed to exhaust his state remedies on his jury waiver claim because he had not fairly presented the federal aspect of that claim to the Michigan state courts for review. Although the district court could have dismissed Jackson's jury waiver arguments on that basis, it chose to review his claim and determined that Jackson had failed to demonstrate that his jury waiver was not knowingly and intelligently made.
 
 
 10
 Next, because the parties agreed that Jackson had fairly presented the federal nature of his ineffective assistance of counsel claim to the Michigan courts, the district court reviewed that claim on its merits. However, the court then concluded that Jackson had not established a valid claim for ineffective assistance of counsel because he had not shown that his substituted counsel at the pretrial waiver proceeding had an actual conflict of interest. Because the district court held that Jackson had failed to establish either of his alleged constitutional violations, it denied Jackson's petition for a writ of habeas corpus.
 
 II.
 
 11
 We review de novo a district court's refusal to grant a writ of habeas corpus. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). Federal courts have jurisdiction to entertain a state prisoner's petition for habeas relief solely on the ground that the prisoner's confinement violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3); Wright v. West, 505 U.S. 277, 285 (1992). Furthermore, a state prisoner is ordinarily required to exhaust his state remedies prior to seeking review in federal habeas corpus proceedings. 28 U.S.C. § 2254(b), (c); Manning v. Alexander, 912 F.2d 878, 880-81 (6th Cir.1990).
 
 
 12
 The United States Supreme Court has held that "once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." Picard v. Conner, 404 U.S. 270, 275 (1971). The Court has explained:
 
 
 13
 In Picard v. Conner, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), we made clear that 28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. Id. at 276-77, 92 S.Ct. at 512-513. It is not enough that all the facts necessary to support the federal claim were before the state courts.... In addition, the habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim. Picard, 404 U.S. at 275, 277-278, 92 S.Ct. at 512, 513-514.
 
 
 14
 Anderson v. Harless, 459 U.S. 4, 6 (1982).
 
 
 15
 In the present action, Jackson asserts that his federal claims are entitled to habeas review because he "fairly presented" those federal claims to the Michigan state courts and thereby exhausted his state remedies. Because both parties in this case agree that Jackson fairly presented the federal nature of his ineffective assistance of counsel claim to the Michigan state courts, we will review that claim on its merits.
 
 
 16
 However, even if Jackson did fairly present the federal nature of his ineffective assistance claim, he made only cursory reference to the federal basis for his jury waiver claim. In fact, the only reference in his brief to a federal basis for his jury waiver claim states as follows:
 
 
 17
 Trial by jury is a fundamental constitutional right. Duncan v. Louisiana, 391 U.S. 145, 149 (1984). US Const, Ams VI, XIV; Const 1963, art 1 § 20 [sic ]. Because the waiver of the right to jury must be intelligently and understandingly made, Johnson v. Zerbst, 304 U.S. 458 (1938), courts "indulge every reasonable presumption against waiver." Id. at 464. The Michigan Supreme Court incorporated these concerns in People v. Pasley, 419 Mich. 297, 303 (1984), by requiring that trial courts, on the record, engage in personal colloquy with the defendant and make specific findings of fact before accepting a defendant's proffered waiver. Defendant submits that the court failed to comply with Pasley.
 
 
 18
 The remainder of his argument to the Michigan Court of Appeals centered exclusively on state law, asserting that his jury waiver was invalid and that he was entitled to a new trial solely because the trial court had not engaged in the personal colloquy or made the specific findings required by Pasley. See Pasley, 419 Mich. at 303. In fact, Jackson never again cited to the supposed federal basis of his argument, framed the issues in terms of a violation of a federally protected right, or indicated in any way to the Michigan court that he was raising a federal claim for them to review. In such circumstances, we do not believe that Jackson "fairly presented" to the Michigan state courts the substance of the federal claim he now raises in this court See Picard, 404 U.S. at 275.
 
 
 19
 We hold that Jackson's passing reference to federal case law in framing his state law arguments was not sufficient to "fairly present" to the Michigan Court of Appeals a federal constitutional claim regarding his jury waiver. See Picard, 404 U.S. at 275. As the United States Supreme Court noted in Picard, a petitioner for habeas corpus review must have presented the substance of his habeas arguments to the state courts in order to have exhausted his state remedies. Id. at 278. In the present case, Jackson's arguments regarding the validity of his jury waiver focus primarily on violations of a state statute, a state court rule and state case law rather than from a violation of his federal constitutional rights.
 
 
 20
 Accordingly, we agree with the district court that Jackson did not fairly present his federal constitutional claim regarding his jury waiver to the Michigan state courts and has, therefore, not exhausted his state remedies on this issue. Nevertheless, we choose to address the merits of his claim in the interest of judicial economy. See Cain v. Redman, 947 F.2d 817, 820 (6th Cir.1991) (holding that a federal court may, in its discretion, hear a habeas petitioner's case in the interest of judicial economy), cert. denied, 112 S.Ct. 1299 (1992).
 
 III.
 
 21
 In his brief before this court, Jackson asserts that his jury trial waiver was invalid because it was not knowingly and intelligently made. Specifically, Jackson argues that his waiver was not knowing and intelligent because the trial judge did not engage in an on-the-record colloquy with him regarding his right to a jury trial or the essential ingredients of a jury trial. He also urges this court to adopt a mandatory set of instructions for district courts to apply in accepting criminal defendants' jury waivers.
 
 
 22
 In the present case, Jackson executed a written waiver of his right to a trial by jury. The waiver stated that Jackson had conferred with counsel, understood that he had a right to a trial by jury, and that he had chosen to waive that right. After Jackson had executed the waiver form, the following colloquy took place at the arraignment hearing:
 
 
 23
 THE COURT: You men understand your right to have a trial by jury?
 
 
 24
 DEFENDANT JACKSON: Yes.
 
 
 25
 THE COURT: You have decided that you don't want a jury, you want me to try this case without a jury?
 
 
 26
 DEFENDANT JACKSON: Yes.
 
 
 27
 * * *
 
 
 28
 * * *
 
 
 29
 THE COURT: Do you understand I will be deciding the facts in this case as well as the law?
 
 
 30
 * * *
 
 
 31
 * * *
 
 
 32
 DEFENDANT JACKSON: Yes.
 
 
 33
 THE COURT: That's what you want?
 
 
 34
 DEFENDANT JACKSON: Yes.
 
 
 35
 * * *
 
 
 36
 * * *
 
 
 37
 THE COURT: You have signed these waiver forms?
 
 
 38
 DEFENDANT JACKSON: Yes.
 
 
 39
 Jackson contends that the foregoing questioning was inadequate to demonstrate that his jury trial waiver was voluntary, knowing, and intelligent under the standards set forth by this court in United States v. Martin, 704 F.2d 267 (6th Cir.1983). In Martin, this court held that the only requirements for a criminal defendant to validly waive his right to a trial by jury are that (1) the waiver must be in writing; (2) the government attorney must consent to the waiver; (3) the trial court must approve the waiver; and (4) the defendant's waiver must be voluntary, knowing and intelligent. Id. at 271.
 
 
 40
 In order for a criminal defendant's waiver to be voluntary, knowing and intelligent, he must have some understanding of the nature of the jury trial right. Id. at 273 (citing Adams v. United States, 317 U.S. 269, 280 (1942)). However, this court has clarified that a defendant need not have a "technical knowledge" of the jury right in order for his waiver to be effective. United States v. Sammons, 918 F.2d 592, 596 (6th Cir.1990), cert. denied, 510 U.S. 841 (1993); Martin, 704 F.2d at 273. Typically, a defendant will have sufficient knowledge to make an intelligent waiver if he understands, for example, that a jury is composed of twelve members of the community, that the jury's verdict must be unanimous, and that the judge will determine guilt or innocence if he waives his jury trial right. Martin, 704 F.2d at 273, 274-75.
 
 
 41
 Applying the above law to the present case, we hold that Jackson has failed to establish that his jury trial waiver was not voluntary, knowing and intelligent. See Adams v. United States, 317 U.S. 269, 281 (1942) (holding that a habeas petitioner who waived his right to counsel should bear the burden of showing that his waiver was not freely and intelligently made). Despite Jackson's assertions to the contrary, there is no constitutional requirement that a trial court conduct a complex colloquy with a criminal defendant prior to accepting his waiver of his jury trial right. Martin, 704 F.2d at 274. In fact, this court has expressly declined to require that a trial judge personally interrogate a criminal defendant prior to accepting a jury trial waiver. Id. at 275.
 
 
 42
 Furthermore, the record in this case establishes that Jackson's waiver of his right to a jury trial was voluntary, knowing and intelligent. At the arraignment, the trial judge directly addressed Jackson and verified that he understood the consequences of his jury waiver. Jackson confirmed that he understood that he had a constitutional right to a trial by jury and knew that the judge would decide both the facts and the law in his case if he chose to waive that right. Further, Jackson acknowledged that he wanted the trial judge to decide both the facts and the law in his case and that he had signed a jury waiver form to that effect. Additionally, Jackson has failed to offer any evidence that he was ignorant of the contents of the form he was signing or that he signed the form under some form of duress.
 
 
 43
 Because Jackson acknowledged that he understood his right to a trial by jury, expressed his voluntary waiver of that right, and confirmed that he had signed the jury trial waiver form, we hold that Jackson's waiver of his right to a trial by jury was voluntary, knowing and intelligent. Accordingly, the district court did not err in concluding that Jackson's waiver of his right to a trial by jury was valid.
 
 IV.
 
 44
 Jackson next contends that he was denied his Sixth Amendment right to the effective assistance of counsel at the jury waiver proceeding due to an actual conflict of interest. As discussed above, Jackson was represented at the pretrial jury waiver proceeding by his co-defendant's counsel, who was, with Jackson's permission, "standing in" for Jackson's own counsel. Because he and his co-defendant would later present inconsistent testimony and defenses at trial, Jackson argues that his substituted counsel at the waiver proceeding had a conflict of interest in jointly representing him and his co-defendant at this pretrial hearing. Thus, he asserts that this conflict rendered his attorney's assistance ineffective at that pretrial hearing and violated his Sixth Amendment right to the effective assistance of counsel.
 
 
 45
 The United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel in the case of Strickland v. Washington, 466 U.S. 668, 687 (1983). In that case, the Court held that in order to sustain a claim for ineffective assistance of counsel, a criminal defendant must establish (1) that his counsel's performance was so deficient as to fall below an objective standard of reasonableness and (2) that this deficient performance prejudiced his defense. Id. In order to show prejudice in this context, a defendant cannot merely show that his counsel's errors had some conceivable effect on the trial, but must instead demonstrate that there is a reasonable probability that the outcome of the trial would have been different if not for those errors. Id. at 693-94.
 
 
 46
 The Strickland court then noted that this two-part test is modified somewhat to address ineffective assistance claims based on a conflict of interest. See Strickland, 466 U.S. at 692 (citing Cuyler v. Sullivan, 446 U.S. 335 (1980)); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). In such circumstances, a defendant must first demonstrate that his attorney did have an actual conflict of interest. Thomas, 818 F.2d at 480. In other words, the defendant must show that his attorney "actively represented conflicting interests." Strickland, 466 U.S. at 692. A defendant must next establish that this conflict of interest adversely affected his attorney's performance in representing him. Strickland, 466 U.S. at 692; Thomas, 818 F.2d at 480. Whereas the primary Strickland test requires a defendant to show that the outcome of his case would have been different if not for his counsel's deficient performance, this modified test directs a reviewing court to presume such prejudice if the defendant merely shows that his counsel's deficient performance was the result of an actual conflict of interest. See Strickland, 466 U.S. at 692; Thomas, 818 F.2d at 480.
 
 
 47
 Thus, in the present case, Jackson must show (1) that an actual conflict of interest existed at the time of the jury waiver proceeding, and (2) that this conflict adversely affected his substituted counsel's performance in representing him at that proceeding. See Strickland, 466 U.S. at 692; Thomas, 818 F.2d at 480.
 
 
 48
 In an effort to establish that his substituted counsel had an actual conflict of interest at the time of the jury waiver proceeding, Jackson first notes that his and his co-defendant's cases were later severed because the defendants planned to present inconsistent testimony and defenses at trial. Jackson then notes the possibility that his co-defendant's counsel may have made a tactical decision to influence Jackson to waive his right to a jury trial in order to help his own client. Specifically, Jackson speculates that his case or his co-defendant's case may have been assigned to a different judge if Jackson had chosen a jury trial and his co-defendant had chosen a bench trial. If his co-defendant's counsel wished to keep his client's case before the same judge and did not wish to risk the possibility of his client's case being reassigned to another judge, he may have advised Jackson to waive his own right to a jury trial solely to benefit his original client. Because the co-defendants' cases would later be severed due to inconsistent testimony and defenses at trial, and because Jackson's substituted counsel "may have" had an improper motive in advising Jackson to waive his right to a jury trial, Jackson argues that an actual conflict of interest must have existed at the time of the jury waiver proceeding.
 
 
 49
 We hold that Jackson has failed to establish that his Sixth Amendment right to the effective assistance of counsel has been violated because he has not demonstrated that an actual conflict of interest existed at the time of the pretrial jury waiver proceeding. The mere fact that Jackson's counsel jointly represented him and his co-defendant at the waiver proceeding does not establish that an actual conflict of interest existed or that he necessarily received ineffective assistance at that proceeding. Thomas v. Foltz, 818 F.2d 476, 481 (6th Cir.1987) (holding that joint representation of co-defendants "does not per se constitute ineffective assistance of counsel due to a conflict of interest.") (citing Kibert v. Blankenship, 611 F.2d 520, 526 (4th Cir.1979), cert. denied, 446 U.S. 911 (1980)).
 
 
 50
 Indeed, the only way that Jackson attempts to show the possibility of conflict at the waiver proceeding is to speculate that Jackson's substituted counsel "may have" had an improper motive in advising him to waive his right to a jury trial. Jackson has no evidence to support these contentions and does not dispute that his original counsel would have also advised him to waive his jury trial right at this proceeding. Because Jackson has no evidence to support his assertions that an actual conflict of interest existed, he has not met the first prong of the modified Strickland test and, thus, cannot meet the second prong.
 
 
 51
 Accordingly, because Jackson has failed to show that his substituted counsel's joint representation of him and his co-defendant at the waiver proceeding constituted an actual conflict of interest, he cannot show that he was denied the effective assistance of counsel at that proceeding. Thus, we hold that the district court did not err in determining that Jackson has failed to establish a violation of his Sixth Amendment right to the effective assistance of counsel.
 
 V.
 
 52
 For the reasons enumerated above, the judgment of the district court denying Jackson's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Bell, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Because the habitual offender charge was ultimately dismissed upon remand to the trial court and, thus, was never included in Jackson's petition for a writ of habeas corpus, we do not discuss further Jackson's substantive arguments on that claim