■ THE PEOPLE OF THE STATE OF NEW YORK, Respondents, v RAFAEL E. BELLO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant knowingly, voluntarily, and intelligently waived his right to appeal, and he has raised no issues that survive the waiver (see, People v Callahan, 80 NY2d 273). (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Boehm, JJ.

■ In the Matter of ANGEL IRIZARRY, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Determination unanimously confirmed and petition dismissed. Memorandum: We reject the contention that the Hearing Officer in this prison disciplinary proceeding was obligated to investigate petitioner's assertion that the misbehavior report had been fabricated. Based upon the evidence relied upon by the Hearing Officer, which included the misbehavior report, the photograph of the contraband seized, petitioner's statement, the statement of an inmate witness and certain confidential evidence, we find substantial evidence to support the determination rendered (see, People ex rel. Vega v Smith, 66 NY2d 130). (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. CAVENDER, Appellant.—Judgment unanimously affirmed. Memorandum: The Suppression Court correctly ruled that the prosecution was not required to turn over portions of the witness's statement and Grand Jury testimony that did not relate to the subject of his testimony at the suppression hearing (see, People v Taylor, 102 AD2d 944, 946, affd 65 NY2d 1). Further, we reject defendant's contention that his sentence is harsh and excessive. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Sodomy, 1st Degree.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.