Lamare JACKSON, Petitioner,

v.

Sherry BURT, Respondent.

Civ. A. No. 93–70706.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 27, 1995.

Lamare Jackson, pro se.

## ORDER REJECTING MAGISTRATE JUDGE'S JULY 29, 1994 REPORT AND RECOMMENDATION AND DENYING PETITIONER'S 28 U.S.C. § 2254 MOTION

GADOLA, District Judge.

The court, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(B), and Local Rule 72.1(d)(2) (E.D.Mich. Jan. 1, 1992), has reviewed the magistrate judge's July 29, 1994 report and recommendation as well as respondent's August 3, 1994 objections and petitioner's September 29, 1994 response filed thereto. After conducting a *de novo* review, the court will reject the magistrate judge's report and recommendation and deny petitioner's 28 U.S.C. § 2254 motion.

### I. Facts

Petitioner Lamare Jackson was convicted of two counts of armed robbery following a bench trial. As a result of his conviction, petitioner was sentenced to twenty-five to fifty years in prison for each robbery count and was given a life sentence as a habitual offender.

Petitioner sought review before the Michigan Court of Appeals. He argued that he was entitled to a new trial because the court did not comply with state procedural rules in obtaining a waiver of his right to a jury trial, and that the court failed to make a finding of fact that his waiver was voluntary. In addition, petitioner argued that he was denied the effective assistance of counsel as required by the state and federal constitutions because he was jointly represented by his codefendant's attorney at the pretrial jury waiver proceeding. After the court of appeals affirmed his armed robbery convictions, petitioner applied to the Michigan Supreme Court for review on the same grounds presented below. Leave to appeal was denied on December 2, 1992, 441 Mich. 889, 495 N.W.2d 386.

Petitioner commenced this action on February 10, 1993 by filing a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his

conviction by arguing that the trial court failed to follow controlling state procedural rules in obtaining his jury trial waiver. In addition, petitioner claims that he was denied the effective assistance of counsel at his pretrial waiver proceeding.

## II. Analysis

Petitioner seeks habeas relief on the basis that his waiver of a jury trial was invalid. In addition, petitioner alleges that he was denied the effective assistance of counsel as required by the state and federal constitutions when he was represented by his codefendant's attorney at the pretrial waiver proceeding.

Respondent contends that petitioner has failed to establish that he has been denied a federal right. In addition, respondent claims that petitioner based his jury waiver arguments before the state appellate courts solely on state law, without raising a federal constitutional issue. As a result, respondent argues that petitioner failed to exhaust his state remedies before seeking federal habeas relief. However, respondent admits petitioner properly raised his ineffective assistance of counsel claim before the Michigan courts as a federal constitutional question.

The court will first examine whether petitioner properly exhausted his state remedies. After that determination, the court will review petitioner's claims regarding waiver and assistance of counsel.

### A. Exhaustion of State Remedies

■ Under 28 U.S.C. § 2254(b), a petitioner seeking federal habeas corpus relief is required to exhaust all available remedies in state court prior to filing in federal court. *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950); *Ex parte Royall,* 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886). A petitioner is required to fairly present the substance of his federal constitutional claims to the state appellate courts before raising them in a habeas corpus petition. *Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971). Moreover, a broad claim against a sentence or conviction raised on appeal is not the substantial equivalent of a claim of a constitutional violation. *Id.* at 278, 92 S.Ct. at 513.

■ A petitioner's state remedies may be limited or barred by his failure to follow state procedural rules. If state remedies are barred by a procedural default, the petitioner is deemed to have exhausted his remedies. However, a federal court will grant habeas review if petitioner can show cause for his failure to comply with state procedures and the prejudice that resulted. *Engle v. Isaac,* 456 U.S. 107, 125–26 n. 28, 102 S.Ct. 1558, 1570–71 n. 28, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87–91, 97 S.Ct. 2497, 2506–08, 53 L.Ed.2d 594 (1977). Even when cause or prejudice cannot be established for procedural default, habeas relief may be granted if the petitioner can show that failure to grant the relief will result in a fundamental miscarriage of justice as when a constitutional violation probably has resulted in the conviction of an innocent man. *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

■ In this case, respondent contends that petitioner did not fairly present his federal constitutional claim regarding his jury waiver to the Michigan courts. After a full examination of the record in this case, the court agrees. The substance of petitioner's appeals before the Michigan courts regarding his jury waiver was solely based upon state procedural rules enunciated in *People v. Pasley,* 419 Mich. 297, 353 N.W.2d 440 (1984), M.C.L.A. § 763.3, and Michigan Court Rule 6.402(B). Although three United States Supreme Court decisions citing the right to a jury trial were mentioned in passing in the first paragraph of a state court brief, the sole challenge presented on appeal stemmed from violations of state statute, state court rule, and state case law. Petitioner was required to present, in substance, the same federal claim to the state court as he would seek to present in federal court. *Picard,* 404 U.S. at 278, 92 S.Ct. at 513. Because he failed to do this, petitioner failed to exhaust his state remedies and his federal constitutional claim regarding jury waiver will be deemed unexhausted and not entitled to federal review.

Respondent does not dispute the fact that petitioner has properly exhausted his state remedies as they pertain to his ineffective

assistance of counsel claim. As a result, the petition in this case presents a mixture of exhausted and unexhausted claims.

## B. Waiver of Right to Jury Trial

■ Although generally district courts are obligated to dismiss a state prisoner's constitutional argument which was never raised in state court, doctrines of exhaustion and procedural default raise only concerns of comity between federal and state courts. These doctrines are not jurisdictional limits on a federal court's power. *See Granberry v. Greer,* 481 U.S. 129, 131–36, 107 S.Ct. 1671, 1673–76, 95 L.Ed.2d 119 (1987); *Castille v. Peoples,* 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The Sixth Circuit has held that a lack of exhaustion may be excused, and a district court may hear a petition, when the prisoner's grounds for relief are without merit. *Cain v. Redman,* 947 F.2d 817, 820 (6th Cir.1991).

In this case, even if petitioner had properly exhausted his claim and was entitled to federal review, this court finds that petitioner has failed to establish that his jury trial waiver was invalid.

■ There is no constitutional requirement that a court conduct a complex colloquy with a defendant prior to a proper waiver of a jury trial. A criminal defendant my waive trial by jury if four conditions are met. First, the waiver must be in writing. Second, the government attorney must consent to the waiver. Third, the trial court must approve the waiver. Fourth, defendant's waiver must be voluntary, knowing, and intelligent. *United States v. Martin,* 704 F.2d 267, 271 (1983). In *Martin,* the court stated that an on-the-record colloquy with the defendant prior to the waiver is not constitutionally required, and it expressly declined to adopt mandatory supervisory rules requiring trial courts to personally interrogate defendants prior to accepting a waiver. *Id.* at 275.

■ Petitioner has the burden of showing that his waiver was not personally, intelligently, and voluntarily made. *Adams v. United States,* 317 U.S. 269, 281, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942). In *Adams,* the Supreme Court stated that

a determination of guilt by a court after waiver of jury trial could not be set aside and a new trial ordered except upon a plain showing that such waiver was not freely and intelligently made. If the result of the adjudicatory process is not to be set at naught, it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as demonstrable reality. Simply because a result that was insistently invited, namely, a verdict by a court without a jury, disappointed the hopes of the accused, ought not to be sufficient for rejecting it.

*Id.* at 281, 63 S.Ct. at 242.

■ A review of the exchange between the trial court and petitioner indicates that his waiver was valid. At the pretrial waiver proceeding, codefendant's counsel stated that he was standing in for petitioner's attorney of record with petitioner's consent. Codefendant's counsel also stated that both defendants had executed written waivers of trial by jury which they were prepared to acknowledge before the court on the record. The record shows petitioner stated that he understood he had a right to a jury trial, expressed his voluntary waiver of his right, and acknowledged he signed the waiver form.

Petitioner makes no attempt to show the waiver was executed other than by his own free will. In fact, petitioner admitted signing the jury trial waiver form which states that the signor has had time to consult with counsel, understands his constitutional right to a jury trial, and voluntarily waives this right. In addition, petitioner stated in open court that he understood his right to a jury trial and that he wanted the judge to try the case. Upon this basis, the court finds that petitioner has failed to demonstrate that any of the four requirements for a proper waiver were not met in this case. As a result, petitioner has failed to establish a constitutional violation.

## C. Ineffective Assistance of Counsel

Petitioner claims that he was denied the effective assistance of counsel as required by the Sixth Amendment when he was jointly

represented by codefendant's trial attorney at the pretrial waiver proceeding at a time when an actual conflict of interest existed.

▆ In order to establish ineffective assistance of counsel, petitioner must first show that counsel's performance was so deficient as to fall below an objective standard of reasonableness, and that counsel made an error so egregious that he was not functioning as the "counsel" guaranteed under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to establish his claim, petitioner must point to specific acts or omissions of counsel that are not the result of reasonable professional judgement. *Id.* at 690, 104 S.Ct. at 2065.

▆ After establishing that his attorney's assistance fell below an objective standard of reasonableness, petitioner must then show that the deficient performance prejudiced his defense. Counsel's errors must be shown to be so serious as to deprive petitioner of a fair trial. It is not enough to show errors that had some conceivable effect on the outcome of the proceedings. *Id.* at 693, 104 S.Ct. at 2067. Rather, petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Id.* at 694, 104 S.Ct. at 2068. If petitioner fails to meet these requirements, he has failed to establish an ineffective assistance of counsel claim.

▆ In order to establish a claim of ineffective assistance of counsel based on a conflict of interest, a petitioner who entered a guilty plea must establish: (1) that there was an actual conflict of interest, and (2) that the conflict adversely affected the voluntary nature of the guilty plea entered by the defendant. *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir.) (citing *Smith v. Bordenkircher*, 671 F.2d 986, 987 (6th Cir.), *cert. denied*, 459 U.S. 848, 103 S.Ct. 107, 74 L.Ed.2d 96, (1982)), *cert. denied*, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987). A similar inquiry applies in petitioner's case, where the issue concerns counsel's assistance during a pretrial waiver proceeding. The standard for determining whether actual conflict of interest exists requires petitioner to point to specific instances in the record which tend to show actual conflict or "impairment of their interests." Petitioner must show inconsistent interests between the codefendants and that the attorney made a choice between alternative courses of action the result being helpful to one client and harmful to the other. If no such choice was made, no actual conflict existed. *Id.* 818 F.2d at 480–81.

▆ Under these standards, the court finds that petitioner has failed to establish that he received ineffective assistance of counsel or that his counsel at the pretrial waiver proceeding had an actual conflict of interest. Petitioner's own counsel, at a previous hearing, clearly stated on the record that he had explained to petitioner his right to a jury trial. This court agrees with the Michigan Court of Appeals that petitioner consented to the substitution of counsel and therefore waived his right to assert a conflict of interest. Furthermore, the hearing resulted only in a plea of not guilty and a waiver of the right to a jury trial, rights which petitioner's counsel previously explained to him and which he had chosen to waive. Moreover, codefendant's counsel successfully moved for a severance of the two trials based upon conflicting differences in the codefendants' defenses. More importantly, petitioner has failed to demonstrate that there existed an actual conflict which worked to his detriment when he was represented by codefendant's counsel at the waiver hearing.

In light of counsel's representation, lack of conflict, and petitioner's consent to substitution of counsel, the court finds that petitioner was not denied the effective assistance of counsel required by the Sixth Amendment.

### III. Conclusion

This court finds that petitioner presented his argument for a new trial solely on state law and therefore failed to exhaust his state remedies as required by 28 U.S.C. § 2254. However, even if petitioner had properly exhausted his remedies, this court finds that he

has failed to demonstrate that he suffered a deprivation of his constitutional rights.

NOW, THEREFORE, IT IS HEREBY ORDERED that the magistrate judges's July 29, 1994 report and recommendation is REJECTED.

IT IS FURTHER ORDERED that Lamare Jackson's petition for writ of habeas is DENIED.

SO ORDERED.