**Sanford POLLACK, Plaintiff– Appellant,**

v.

**Dan HOBBS, Warden, Defendant– Appellee.**

**Docket No. 00–2284.**

United States Court of Appeals, Second Circuit.

April 16, 2001.

38

Sanford Pollack, Jesup, GA, pro se.

Emily Berger, Jo–Anne, Weissbart, Assistant United States Attorneys, Brooklyn, NY, for appellee.

Present FEINBERG, NEWMAN and PARKER, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Sanford Pollack, *pro se* and incarcerated, appeals from the judgment of the United States District Court for the Eastern District of New York (Raggi, J.) entered on April 27, 2000, dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The factual background of Pollack's conviction is set forth in the district court's opinion, and we will assume familiarity with those facts. *See Pollack v. Hobbs*, 98 F.Supp.2d 287, 289–91 (E.D.N.Y.2000).

Pollack raises four issues on appeal: (1) the district court erred in declining to recuse itself in the instant habeas action; (2) the district court erred in employing a procedural default analysis to Pollack's claim that the district court lacked subject-matter jurisdiction over the arson charge; (3) the one year limitations period for bringing 28 U.S.C. § 2255 motions renders that provision inadequate and ineffective to test the legality of his detention; and (4) the district court erred in finding that it had subject matter jurisdiction over the arson count of his conviction.

We conclude that the district court did not err in declining to recuse herself in this case. First, 28 U.S.C. § 47, which precludes federal appellate judges from hearing appeals of cases over which they presided as district court judges, is inapplicable to this situation. Second, Pollack has set forth no facts that would warrant disqualification under 28 U.S.C. § 455.[1] Finally, although Pollack brings this peti-

1. 28 U.S.C. § 455 provides, in part:
   (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
   (b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

tion under § 2241, the usual practice by which a federal prisoner challenges his sentence, a motion pursuant to 28 U.S.C. § 2255, specifically envisions that the "court which imposed the sentence" will review the challenge.

Next, we conclude that the district court's dismissal of Pollack's 28 U.S.C. § 2241 petition was proper. As the district court concluded, Pollack failed to demonstrate, as required by 28 U.S.C. § 2255, that § 2255 was an inadequate or ineffective vehicle to test the legality of his conviction. *See Pollack*, 98 F.Supp.2d at 292; *see also* 28 U.S.C. § 2255. Here, Pollack simply failed to apply for relief under § 2255 within the limitations period. This Court has clearly stated that § 2241 is not available in all cases where § 2255 is either unavailable or unsuccessful; instead, only those situations where the unavailability of § 2255 would raise serious constitutional questions is § 2255 rendered inadequate to test the legality of a prisoner's detention. *See Triestman v. United States*, 124 F.3d 361, 377 (2d Cir.1997). Denying Pollack collateral review where § 2255 is unavailable because of his failure to abide by the statute of limitations provision does not raise any serious constitutional questions; therefore, § 2241 is not available to Pollack.

Because we conclude that Pollack is thus barred from pursuing relief under § 2241, we need not reach his remaining arguments on appeal.

For the reasons set forth above, the judgment of the district court is AFFIRMED.