Carl VASQUEZ, Petitioner,

v.

Gary FILION, Superintendent, Coxsackie Correctional Facility, Respondent.

No. 01 CV 2523(NG).

United States District Court, E.D. New York.

July 17, 2002.

Carl Vasquez, petitioner pro se.

Ada Marie–Claude Wren, Brooklyn, NY, for respondent.

## ORDER

GERSHON, District Judge.

*Pro se* petitioner was charged in New York State Supreme Court, Kings County, with Burglary in the Second Degree in violation of N.Y.Penal Law § 140.25(2), Criminal Trespass in the Second Degree in violation of N.Y.Penal Law § 140.15, Grand Larceny in the Fourth Degree in violation of N.Y.Penal Law § 155.30(1), two counts of Petit Larceny in violation of N.Y.Penal Law § 155.25, Criminal Possession of Stolen Property in the Fourth Degree in violation of N.Y.Penal Law § 165.40, and two counts of Criminal Possession of Stolen Property in the Fifth Degree in violation of N.Y.Penal

§ 165.45(1). The case was assigned to Judge Edward Pincus for pretrial *Dunaway, Mapp, Wade,* and *Huntley* hearings, which were held together. At the hearing, the District Attorney directed the witnesses to the wrong date of the burglary. On March 31, 1999, Judge Pincus granted defendant's motion to suppress statements he made to the police, evidence recovered from petitioner, and a pretrial identification because the evidence related to the wrong date, but he granted the People leave to re-present the hearing. On April 20, 1999, the case was sent to Judge Robert Kreindeler for re-presentation of the pretrial hearing, and on April 23, 1999, following the hearing, Judge Kreindeler denied petitioners' motion to suppress.

On May 19, 1999, before Judge Priscilla Hall, petitioner withdrew his previously entered plea of not guilty and pled guilty to Attempted Burglary in the Second Degree in full satisfaction of the indictment, with a promised sentence of imprisonment of twelve years to life. Petitioner waived his right to appeal orally and he executed a written waiver of his right to appeal. Petitioner was sentenced to a term of imprisonment of twelve years to life. Defendant filed a notice of appeal, but he did not perfect his appeal. His motion to the Appellate Division, Second Department, for an extension of time to prosecute his appeal and his renewed motion to prosecute his appeal were denied on September 8, 1999 and November 19, 1999, respectively.

On December 22, 1999, petitioner filed a motion to vacate his judgment of conviction pursuant to N.Y.C.P.L. § 440.10, claiming that the second hearing court lacked jurisdiction to rehear the suppression motion, that the prosecution had presented false evidence regarding his arrest, that the prosecution failed to disclose material under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963),

and *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961), that newly discovered evidence required that his conviction be vacated, that his plea was not knowing and voluntary because he was taking drugs at the time of the plea, and that he received ineffective assistance of counsel. The motion was denied on August 1, 2000, and the Appellate Division denied leave to appeal on January 17, 2001.

Petitioner now seeks a writ of habeas corpus. In his petition dated April 12, 2001, petitioner claims that his plea was not knowingly and voluntarily given, that he was denied effective assistance of counsel, that he was not advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that the reopening of his suppression hearing violated the Double Jeopardy Clause of the United States Constitution, and that his sentence was excessive. By letter dated January 22, 2002, petitioner withdrew his excessive sentence claim. *See* Order dated January 29, 2002. Since the remaining claims are either precluded by his plea, or lack merit, the petition for a writ of habeas corpus is denied.

## 1. Competency to Plead Guilty and Effective Assistance of Trial Counsel:

■ A plea of guilty is constitutionally valid only if it is voluntarily, competently, and intelligently given, *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and collateral review generally is limited to whether the plea was voluntary, intelligent, and entered into with the advice of counsel. *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). While pleas

preclude appeals on most grounds, they do not prevent challenges to voluntariness or claims that ineffective assistance of counsel rendered a plea involuntary. *Tollett*, 411 U.S. at 258, 267, 93 S.Ct. 1602.

■ Petitioner claims that he was not competent to plead guilty and that the trial court should have held a competency hearing, because he was on heroin and crack cocaine at the time of the plea. It is unconstitutional for a court to not hold a competency hearing where the evidence warrants such a hearing, *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir.1992), but a court need hold a competency hearing only where there is "reasonable ground" for believing that the defendant is incompetent to stand trial. *See Silverstein v. Henderson*, 706 F.2d 361, 369 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

■ In this case, petitioner has not shown that the determination by the trial judge, who observed petitioner during the plea and sentencing, in denying petitioner's motion pursuant to Section 440 that petitioner was competent to plead guilty and that there was no reasonable ground for ordering a competency hearing was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). As the trial judge states:

The minutes of the plea and sentencing belie the defendant's allegations. The court conducted a thorough inquiry of the defendant's physical and mental state before accepting his plea. The defendant stated unequivocally and his demeanor demonstrated that he was not under the influence of any alcohol or drugs at the time of his plea. He responded to the court's pre[-]plea questions in a rational, coherent fashion and

his statement regarding the crime was clear and in narrative form.

At the sentencing the defendant personally requested an adjournment to have his teeth removed before going to prison. His request was lucid and his appearance and comportment did not manifest an individual who needed a medical or psychological assessment. Mr. Vasquez seemed thoroughly familiar with the facts surrounding the crime and the court procedures being utilized. Mr. Vasquez gave no indication to this court that his ability to understand either of the proceedings was impaired.

In addition to stating that he was not on drugs, petitioner affirmed that he was making the plea voluntarily. Therefore, there is nothing in the record to suggest that the plea was not knowing and voluntary.

■ Petitioner also challenges his plea on the ground that his trial counsel was ineffective. In order to prevail on an ineffective assistance of counsel claim, a petitioner must show both that counsel's performance fell below the objective standards of reasonableness dictated by prevailing professional norms and that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052.

To establish the second, "prejudice" prong, a petitioner must show a reasonable probability that, but for counsel's unpro-

fessional errors, the result of the proceeding would have been different. A "reasonable probability" in this context is one that undermines confidence in the outcome of the proceeding. *Id.* at 694, 104 S.Ct. 2052. In the plea context, the second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In addition, since this petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which mandates deference to state court decisions, petitioner must show that the state court decision denying relief was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court in order to prevail on either of his ineffective assistance of counsel claims. *Sellan v. Kuhlman*, 261 F.3d 303, 308–14 (2d Cir.2001); 28 U.S.C. § 2254(d)(1).

■ The state court's determination that petitioner was not denied effective assistance of trial counsel is not contrary to, and does not involve an unreasonable application, of clearly established federal law. Petitioner argues that his counsel was ineffective because he had limited contact with petitioner, he did little preparation in the case, he threatened petitioner, he allowed petitioner to take a plea with such a high sentence, and he waived his right to appeal. However, at the plea, petitioner indicated that he had discussed the matter with his attorney, that he had sufficient time to discuss the matter with his attorney, that he was satisfied with counsel, and that no one threatened him to

plead. Statements made by a defendant, as well as determinations made by the trial judge, at a plea hearing, constitute a "formidable barrier" which cannot easily be attacked in subsequent collateral hearings because "[s]olemn declaration in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Under the first prong, advising petitioner to accept the plea was a reasonable strategy. As the state court notes, petitioner faced a potential sentence, if he went to trial, that was twice as long as the sentence that he received under the plea agreement. Under the second prong, there is no reasonable probability that counsel's performance affected the outcome of the plea process. Petitioner has not shown a reasonable probability that, even absent counsel's advice, he would not have pled guilty. Even now, petitioner does not indicate that he wishes to withdraw his plea and proceed to trial. For that reason alone, he cannot obtain relief. *See Hill*, 474 U.S. at 58–59, 106 S.Ct. 366. Moreover, the evidence against petitioner was strong. An eyewitness had seen petitioner push a pushcart down an alley between the eyewitness's apartment and the victim's apartment, enter the victim's house, and leave with a jewelry box. The eyewitness called the police and gave a description of the perpetrator. Petitioner was arrested about a half-hour later near the scene of the crime. Jewelry, later identified as the victim's jewelry, currency, and a screwdriver were found on petitioner and near where he was arrested. The eyewitness also identified petitioner. Given these strong facts, trial counsel was not ineffective in advising petitioner to plead guilty.

*2. Miranda and Double Jeopardy Claims:*

■ Since petitioner's sentence was within the agreed-upon range and, as discussed above, the plea and waiver of appeal were made knowingly, voluntarily, and with the assistance of counsel, the plea and waiver preclude review of the remaining issues. *See Tollett*, 411 U.S. at 267, 93 S.Ct. 1602. In this case, the state court on the Section 440 motion addressed petitioner's state law challenge to the pre-trial hearings, but not his Double Jeopardy claim or his *Miranda* claim. Further, petitioner did not have a reasonable expectation that he would be able to raise constitutional challenges in this case because he knowingly and voluntarily entered into a waiver of his right to appeal. *Cf. Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975). A defendant may execute an appellate waiver as a plea condition, which generally precludes both direct and collateral review. *United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir.1995); *Pollack v. Hobbs*, 98 F.Supp.2d 287, 291 (E.D.N.Y.2000), *aff'd.*, 8 Fed.Appx. 37, 2001 WL 388061, 2001 U.S.App. LEXIS 7250 (2nd Cir.2001). The waiver is valid if executed voluntarily and intelligently, and with the advice of counsel, and the sentence is within the agreed-upon range. *Bello v. People*, 886 F.Supp. 1048, 1054 (W.D.N.Y.1995). At the plea, petitioner affirmed that he understood that he was waiving his right to appeal, to proceed *in forma pauperis*, and to have an attorney assigned to him on appeal, and that he signed the waiver voluntarily, knowingly, and of his own free will. Further, his sentence was within the agreed-upon range. Therefore, petitioner's waiver of his right to appeal was constitutional and it precludes review of petitioner's remaining claims.

■ Even if petitioner's *Miranda* and double jeopardy claims were not precluded by his plea and his waiver of appellate

**200**

rights, the claims lack merit. Statements stemming from custodial interrogation of a defendant may not be used at trial, unless the prosecution demonstrates that the defendant was informed of his constitutional right to remain silent and to counsel, and that waiver of those rights was knowingly, intelligently, and voluntarily made. *Colorado v. Spring*, 479 U.S. 564, 572–73, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987); *Miranda*, 384 U.S. at 444, 86 S.Ct. 1602. The:

> *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect.

*Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).

 In this case, petitioner has not shown that the trial court's decision not to suppress his statement to the police violated *Miranda* because the evidence shows that petitioner was not subject to interrogation. Police Officer Christopher Doyle testified as follows:

Q What did you do after you recovered the property from the defendant?

A I started to take his pedigree information.

Q And did he say anything to you when you were taking this pedigree information?

A Yes.

Q What did he say?

A He asked me what he was being charged with.

Q What did you say?

A I told him burglary.

Q What did he say after that?

. . . . .

A He said he did not break into the house, that he was in the backyard with the cart.

Q Had you read him his Miranda rights at this point?

A No.

Routine booking questions to secure biographical data necessary to complete booking or pretrial services do not violate *Miranda*, *Pennsylvania v. Muniz*, 496 U.S. 582, 601, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990); *United States v. Gotchis*, 803 F.2d 74, 79 (2d Cir.1986), and there is no evidence that Officer Doyle should have known that informing petitioner of the charge against him was reasonably likely to elicit an incriminating response from the suspect.

 Petitioner claims that his rights under the Double Jeopardy Clause were violated when a trial judge held a second pre-trial suppression hearing after petitioner's first suppression motion had been granted without prejudice to the government to re-present the hearing. The Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const.Amend. V. This amendment protects criminal defendants from a second prosecution for the same offense after acquittal or conviction, and against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). However, jeopardy does not attach for Fifth Amendment purposes, and thus the constitutional prohibition has no application, until a jury is empaneled and sworn in a jury trial or the court begins to hear evidence in a non-jury trial. *See Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 43

L.Ed.2d 265 (1975). Since the re-presentation of the hearing in this case occurred prior to the impanelment of a jury in this jury case, the Fifth Amendment was not implicated. Petitioner also argues that permitting the prosecution to re-present the hearing violated New York law, but this does not encompass a constitutional issue for which federal habeas relief can be granted.

### Conclusion

The petition for a writ of habeas corpus is denied.

As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**