*U.S. v. Hicks*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.
CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS
PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE
PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A
SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE
(WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A
SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT
REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit,
held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of
New York, on the 2nd day of April, two thousand twenty-five.

PRESENT:

BARRINGTON D. PARKER,
BETH ROBINSON,
MYRNA PÉREZ,
*Circuit Judges*.

───────────────────────────────────────

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 24-271

AARON HICKS, AKA BOOG, AKA BOOGY,

*Defendant-Appellant*,

MARCEL WORTHY, AKA CHEESE, RODERICK
ARRINGTON, AKA RA-RA, LETORRANCE TRAVIS,
AKA TORRANCE, JULIO CONTRERAS, AKA BLUE
DEMON,

*Defendants.*[1]

FOR APPELLEE:                     TIFFANY H. LEE, Assistant United States
                                  Attorney, *for* Trini E. Ross, United States
                                  Attorney for the Western District of
                                  New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:          MARK J. BYRNE, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Arcara, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

In February 2023, Hicks, representing himself, filed a motion to vacate his conviction under 28 U.S.C. § 2255.  On August 14, 2023, Hicks filed two motions: one requesting relief from his conviction under Federal Rules of Civil Procedure 60(b) and 59(a), and one seeking Judge Arcara's recusal under 28 U.S.C. §§ 455(a), (b)(1), and (b)(5)(iv).  The district court denied the recusal motion on several grounds, and Hicks appealed.

---

[1] The Clerk's office is respectfully directed to amend the caption as reflected above.

We may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. 28 U.S.C. §§ 1291, 1292. Hicks's appeal in this case is premature. On appeal from a final appealable ruling on his § 2255 and Rule 59(a) and Rule 60(b) motions, Hicks can challenge the denial of his recusal motion. *See, e.g.*, *Pollack v. Hobbs*, 8 F. App'x 37, 38–39 (2d Cir. Apr. 16, 2001) (addressing the denial of a motion to recuse on appeal from dismissal of petition for writ of habeas corpus).

Thus, the appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court