624 N.W.2d 736 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellant/Cross-Appellee,
v.
Keith Eldon FERRIER, Defendant-Appellee/Cross-Appellant.
No. 118148, COA No. 218482.
Supreme Court of Michigan.
April 27, 2001.
On order of the Court, the application for leave to appeal from the September 26, 2000 decision of the Court of Appeals and the application for leave to appeal as cross-appellant are considered. The application for leave to appeal is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the proceedings ordered by the Court of Appeals and any further subsequent review by the Court of Appeals. The application for leave to appeal as cross-appellant is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
MARKMAN, J., dissents and states as follows.
MARKMAN, J., dissenting:
I would grant leave in this case to consider whether the offense of receiving and concealing stolen property, M.C.L. § 750.535; M.S.A. § 28.803, is one that does or does not entail an element of dishonesty within the meaning of MRE 609(a)(1), i.e., whether it is more precisely viewed as a crime of dishonesty or as a crime of theft. Additionally, to the extent that it is determined that a defendant can commit the crime of "receiving and concealing," under certain circumstances, without being dishonest, should this determination work to preclude the admissibility of the prior conviction where defendant's particular conduct did, in fact, contain an element of dishonesty? In my judgment, neither of these issues were resolved dispositively in our earlier decision of People v. Allen, 429 Mich. 558, 420 N.W.2d 499 (1988). In Allen, supra at 605-606, 420 N.W.2d 499, this Court promulgated an amendment of MRE 609(a)(1), which provides that prior convictions for crimes involving dishonesty or false statements are admissible for impeachment purposes, without further consideration, while prior convictions for theft *737 crimes which do not involve dishonesty or false statements are admissible only if their probativeness outweighs their prejudice. Allen involved numerous consolidated cases, none of which related to the offense of receiving and concealing stolen property. Furthermore, since Allen, this Court has not addressed whether this offense is fundamentally a crime of dishonesty or a crime of theft. The "bright-line" rule set forth in Allen did not identify which crimes are crimes of dishonesty and which are crimes of theft.
Moreover, the crime of "receiving and concealing" is, in effect, a "conjunctive" offense, in that one may independently satisfy the elements of this offense by either "receiving" stolen property or by "concealing" stolen property. I recognize that if one commits this offense by the former means, by merely "receiving" stolen property, an element of dishonesty may not typically be involved. However, if one commits this offense by the alternative means, by "concealing" stolen property, an element of dishonesty may almost always be involved. It is not obvious to me why a person who has committed this crime by the latter means should invariably be treated for purposes of MRE 609(a)(1) as if he had committed a theft offense. If the Legislature were to place the receiving and concealing components of M.C.L. § 750.535; MSA 28.803 into separate statutes, would this differing form by itself allow, without a balancing test, the impeachment of witnesses by their convictions of concealing stolen property?
This Court, in Allen, supra at 586, 420 N.W.2d 499, quoting from Conference Report, HR No 93-1597, listed embezzlement as a crime that contains an element of dishonesty. Yet, one can commit embezzlement in a manner that is more akin to a theft offense than to a dishonesty offense. For instance, one can commit embezzlement by simply converting to one's own use, without the owner's permission, property that is already lawfully in one's possession.
Because I believe that further explanation is required as to why crimes such as embezzlement should always be treated differently than the crime of "receiving and concealing," for purposes of MRE 609(a)(1), and because I believe that a crime that has as one of its elements the act of "concealing" something that belongs to another is not self-evidently a crime that does not entail an element of dishonesty, I would grant leave in this case.
WEAVER, J., joins in the statement of MARKMAN, J.