# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT WAYNE PRUESNER,

Defendant-Appellant.

UNPUBLISHED
September 20, 2018

No. 337576
Oakland Circuit Court
LC No. 2016-260209-FC

Before: TUKEL, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of armed robbery, MCL 750.529, and first-degree home invasion, MCL 750.110a(2). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for armed robbery, and 15 to 40 years' imprisonment for first-degree home invasion, to be served concurrently. On appeal, defendant argues that he was denied effective assistance of counsel primarily because defense counsel[1] failed to oppose the prosecution's notice of intent to admit evidence of defendant's prior convictions if he testified. For the reasons stated below, we remand for a *Ginther*[2] hearing.

According to the record, shortly after Chaz Green's girlfriend left for the night, a man, wearing all black, with a "beanie" on his head and a bandana around his mouth, forcibly entered Green's house through the back door. Green ran to the bedroom and the man followed him there. The man, while holding a handgun, told Green to give him "all the cash" or he would kill Green. Green gave him a bag that contained about $700. The man demanded the rest of the cash, so Green went into the living room, where he retrieved approximately $1,000 he had hidden there. The man demanded more money and pulled out a second gun. Green testified that when he did so, the bandana slipped down and Green had "a better view of his face for just a split second." The man threatened to kill Green if he called the police. Green waited a day before calling the police.

Green testified that he believed that defendant was the person who robbed him. He explained that he had met defendant at a bar through his cousin, Bradley Ormsby, about a month

---

[1] Defendant was represented by two attorneys. We will refer to them collectively as defense counsel.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

before the crime. Green said that defendant noticed that he carried a lot of cash, and Green explained to defendant that he did not "believe in banks." Green said that he may have told defendant about a recent lawsuit settlement that he received. Green testified that only three people knew where he lived: his girlfriend, Ormsby, and Ormsby's friend "Reese." Green told law enforcement that he believed Ormsby set up the robbery. Ormsby testified and denied any involvement in the crime and denied that he told defendant where Green lived. Defendant did not testify.

Defendant's claim of ineffective assistance of counsel was properly raised in a motion to remand, which we denied without prejudice. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "A judge first must find the facts, and then must decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *Id*. Factual findings are reviewed for clear error, and constitutional law questions are reviewed de novo. *Id*.

"To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." *People v Riley (After Remand)*, 468 Mich 135, 140; 659 NW2d 611 (2003). A defense counsel's performance is deficient if "it fell below an objective standard of reasonableness under prevailing professional norms." *Id*. To show prejudice, "the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant argues that defense counsel was ineffective for failing to move to exclude evidence of his past convictions after the prosecutor served a notice of intent to introduce evidence of those crimes for impeachment purposes should defendant testify. In an affidavit filed with his motion to remand, defendant avers that his counsel advised him that he should not testify because of his prior convictions. He also averred that on the night of the crime, he spent the evening with his mother and her boyfriend before retiring to his bedroom.[3] Because defendant's claim of ineffective assistance of counsel requires factual development, we remand for an evidentiary hearing. See MCR 7.211(C)(1)(ii).

Under MRE 609, the prosecutor intended to introduce evidence of defendant's three prior convictions: a 2009 breaking and entering with intent to commit larceny conviction; a 2008 second-degree home invasion conviction;[4] and a 2008 receiving and concealing stolen property conviction. MRE 609 provides in part:

---

[3] Although a party may not expand the record on appeal, *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999), defendant was required to submit an "affidavit or offer of proof regarding the facts to be established at a hearing" in support of his motion to remand. MCR 7.211(C)(1). It is appropriate for us to consider his affidavit in deciding whether to remand for a *Ginther* hearing. See *People v Traver*, 316 Mich App 588, 602; 894 NW2d 89 (2016), rev'd in part on other grounds ___ Mich ___ (2018).

[4] It is unclear whether theft was involved in this offense.

**(a) General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross-examination, and

(1) the crime contained an element of dishonesty or false statement, or

(2) the crime contained an element of theft, and

    (A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and

    (B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

**(b) Determining Probative Value and Prejudicial Effect.** For purposes of the probative value determination required by subrule (a)(2)(B), the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity. If a determination of prejudicial effect is required, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify. The court must articulate, on the record, the analysis of each factor.

Defendant argues that, considering the date of his prior offenses and their limited relevance to veracity, the probative value of his prior convictions would have been outweighed by their prejudicial effect under a MRE 609(b) analysis. The similarity of the prior charges to the current offenses also weighs against their admission. The prosecutor argues that receiving and concealing stolen property should be considered a crime containing an element of dishonesty, and therefore automatically admissible under MRE 609(a)(1). However, the prosecutor concedes that this is an open question. See *People v Ferrier*, 463 Mich 1007, 1008; 624 NW2d 736 (2001) (MARKMAN, J., dissenting). In any event, we cannot discern a reasonable trial strategy for defense counsel's failure to bring a motion to exclude evidence of defendant's prior convictions.[5] Defendant would have been no worse off had the trial court

---

[5] The prosecutor argues that defense counsel's decision not to challenge the proposed introduction of defendant's prior convictions was a strategic choice because counsel relied on MRE 609 to impeach Green. However, the prosecutor overstates defense counsel's actions in this case. The prosecutor asked Green during direct examination if he had been convicted of a crime involving theft or dishonesty in the last 10 years, to which Green replied, "When I was 17, I—scrap metal." Defense counsel attempted to follow up on Green's prior crime during cross-examination, but when the prosecutor made an "asked and answered" objection, counsel withdrew his question. We doubt that this objection would have been sustained because Green did not even identify the crime that he committed. Even if the objection was sustained, defense counsel had a right to develop for the jury why Green's prior crime of theft or dishonesty was

denied the motion, but if the motion was granted (in whole or in part), then damaging impeachment evidence would have been excluded in the event that defendant chose to testify.[6] Caselaw supports the conclusion that this case should be remanded for a *Ginther* hearing. See *People v Perkins*, 141 Mich App 186, 191; 366 NW2d 94 (1985); *People v Moss*, 113 Mich App 626, 629; 318 NW2d 501 (1982). Defense counsel's understanding of MRE 609 and any advice given to defendant can be explored at the hearing. See *Blackburn v Foltz*, 828 F2d 1177, 1182 (CA 6, 1987) ("[Defense counsel's] recitation of the law regarding admissibility of prior convictions was clearly wrong . . . and cannot be said to constitute reasonable strategy."). The trial court can rule on whether it would have admitted the impeachment evidence, which will speak to whether defendant was prejudiced from the alleged error.

The prosecutor suggests that defendant cannot show prejudice because there was substantial evidence presented against him at trial. Based on the record in this case, we are not prepared to say that there is no reasonable probability that defendant's testimony would have affected the outcome at trial. The only direct evidence against defendant was Green's identification of him as the robber and the complainant stated that the perpetrator's face was covered with a bandana, which slipped only momentarily during the crime. And at one point during deliberations the jury reported a deadlock. Considering that this was a close case and the limited record, we decline to rule that defendant was not prejudiced by the alleged error. The trial court shall make that determination after fuller factual development on remand.

Remanded for proceedings consistent with this opinion. We retain jurisdiction.

/s/ Jonathan Tukel
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

---

relevant to his current testimony. For those reasons, based on the present record, we decline to characterize defense counsel's failure to argue against the prosecutor's intent to introduce evidence of defendant's prior convictions as a reasonable trial strategy. But the *Ginther* hearing may shed light on whether defense counsel was acting strategically.

[6] We note that defendant's affidavit does not state whether he would have testified but for defense counsel's advice and failure to oppose the MRE 609 evidence. If the trial court finds that there is not a reasonable probability that defendant would have testified even if a favorable MRE 609 ruling was obtained, then his claim fails for a lack of prejudice. Whether defendant indicated a desire to testify to his counsel is also relevant. See *People v Marshall*, 298 Mich App 607, 615-616; 830 NW2d 414 (2012), vacated in part on other grounds 493 Mich 1020 (2013).

# Court of Appeals, State of Michigan

## ORDER

People of MI v Robert Wayne Pruesner

Docket No.   337576

LC No.        2016-260209-FC

Jonathan Tukel
Presiding Judge

Jane M. Beckering

Douglas B. Shapiro
Judges

The Court orders that the motion to remand is GRANTED.  This case is REMANDED to the trial court for an evidentiary hearing and decision whether defendant was denied the effective assistance of counsel.  *People v Ginther*, 390 Mich 436 (1993).  Proceedings on remand are limited to the claim that defense counsel was ineffective because he failed to object to the use of defendant's prior convictions under MRE 609.  This Court retains jurisdiction.

Defendant shall initiate the proceedings on remand within 21 days of the date of this order.  The time for further proceedings in this appeal shall begin to run on the issuance of an order in the trial court that concludes the remand proceedings.  However, if defendant fails to file a motion to initiate the proceedings within the time provided, the time for further proceedings in this appeal shall begin to run at the conclusion of that 21-day period.  Defendant shall file with this Court a copy of any motion and supporting brief filed in the trial court, and defendant shall file a copy of any order entered within 14 days after entry.

The trial court shall hear and decide the matter within 56 days of the date of this order and shall make an appropriate determination on the record.  The transcript of all proceedings on remand shall be prepared and filed within 21 days of the completion of the proceedings.

/s/ Jonathan Tukel

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

September 20, 2018
Date

Chief Clerk